## LADD *v.* RICE.

### *Fraud—Misrepresentation—Surprise.*

The defendants, acting as confidential friends and advisers of the plaintiff, a widow, who during her husband's life held real estate in her own right to her sole and separate use, by falsely representing to her that her real estate was liable to be seized for her deceased husband's debts, and by other fraudulent devices, induced her to convey the real estate to one of the defendants. *Held,* that this conveyance having been obtained by fraud must be set aside, and a reconveyance decreed.

FROM HILLSBOROUGH CIRCUIT COURT.

BILL IN EQUITY, alleging that on the second day of August, 1873, the plaintiff was the owner of a certain tract of land in her own right in fee simple; that at the time she purchased it she was the wife of Geo. W. Ladd, who is now dead; that at the time of his death he had no right, interest, or claim in or to it, and that it was not, at the time of his death or at any time after, subject to any claim of his creditors or his administrator in law or equity; that she purchased it from her own money, acquired from her own earnings previous to her marriage; that she being ignorant of her own rights and of the rights of the creditors and administrator of her husband's estate in said land, and as to her liability to pay the debts of her husband, and being on terms of friendly intercourse with the defendants, consulted and advised with them in regard to the matters aforesaid, and the defendants, craftily professing great friendship for her, induced her to confide in them, and, for the purpose of obtaining from her a conveyance of said land with the intent to cheat and defraud her out of the same, falsely and fraudulently represented that she was liable to pay the debts of her husband, and that the creditors of his estate had the legal right to take said land from her, and that it was necessary in order to secure said land to her that she should convey the same to them to hold in trust for her; that, confiding in said representations, she was induced to execute and deliver to said Lucy P. Rice a deed of said premises, and the defendants now claim under said conveyance; that since the giving of said conveyance she has often requested the defendants to execute a release of all right and title acquired by them by virtue thereof, and particularly on August 13, 1874, she presented to the defendants a release of said land for the signatures of the defendants, and demanded of them the execution of said release, offering to pay whatever expense they or either of them were subjected to.

The bill prays for an injunction, and for an order that they release all right and title to said land acquired by said conveyance, and for general relief.

The defendants, in their answer, deny all the material allegations in

the bill, except the fact of said conveyance, and alleged that they bought said land of the complainant, and paid for the same; that they subsequently agreed, for a consideration, which they state, to reconvey said premises to the plaintiff, and that they are ready to do when she performs her part of the agreement.

This case was referred to a referee, under the statute of 1874, who reports that the plaintiff is entitled to the relief prayed for.

At the request of the defendants, he reports the facts found proved by him, as follows:

"The defendants, at the commencement of the hearing, waived all questions as to the jurisdiction of the court over the subject-matter in controversy. The plaintiff was seized of the premises described in the bill, as therein alleged. The plaintiff's husband died in April, 1873, and the plaintiff occupied a tenement in the house of the defendants for more than a year. Subsequent thereto she worked in the mill, and as she drew her pay, placed the same in the hands of the defendants, who supplied her with necessaries. This arrangement continued from the death of the plaintiff's husband until October following.

"The plaintiff's wages for June and July, 1873, were trusteed in suits brought by creditors of her late husband against her to recover debts due by him at his decease, and which she was not liable to pay. Her wages were withheld by said process at the time of the conveyance in question. The plaintiff was on intimate terms with the defendants, and advised with them in regard to her trouble. They advised her that she had better give them a deed of the land and they would help her in her suits, and when it was all over she should have her deed back again; and she did so convey upon this understanding, and the conveyance was without consideration; and the referee finds that there was no sale of the land to the defendants, or either of them, or any re-sale and agreement to reconvey by the defendants to the plaintiff, as alleged in their answer.

"The plaintiff was afraid that her land would be seized by her husband's creditors, and this was the only reason of her making the conveyance. She was unacquainted with business, and advised by the defendants and others to convey. Soon after the conveyance to the defendants they procured the release of the plaintiff's wages from the trustee process, and the same were paid over to them.

"She demanded the deed as alleged in the bill, and the defendants refused to convey except upon the conditions stated in the answer. The referee further reports that the facts which he finds in relation to giving the deed were denied by both the defendants, and proved only by parol evidence."

Upon the coming in of the report, the defendants moved that the bill be dismissed, which the court denied; and the defendants excepted.

The questions of law arising on the foregoing case were transferred to the superior court by STANLEY, J., C. C.

*Sulloway & Topliff, Sawyer & Sawyer, Jr.,* and *D. P. & D. L. Perkins,* for the plaintiff.

*W. & G. A. Little,* for the defendants.

CUSHING, C. J.   This case, according to the report of the referee, involves almost every kind of actual fraud for which courts of equity are accustomed to afford relief.

It appears that relations of trust and confidence existed between the plaintiff and the defendants ; that she was ignorant of her rights and liabilities, and sought information from them, and that they undertook, as confidential advisers, to furnish the information ; that they wilfully and intentionally misrepresented to her the facts as to her husband's indebtedness, and the law as to her liability for those debts ; that she was surprised into giving the conveyance by the fact of her own wages having been attached on claims pretended or real against her husband, which attachments appear to have been under the control of the defendants, and very probably brought about by them ; and that she was induced by all these fraudulent misrepresentations and concealments to execute this conveyance, which, otherwise, she would not have done. Story's Eq. Jur., secs. 218, 251.

It seems, therefore, a perfectly clear case for the interference of a court of equity, and I think the relief prayed for should be granted, and a reconveyance by these defendants should be decreed.

SMITH, J.   The report of the referee shows a clear case of fraud on the part of the defendants, from which the plaintiff is entitled to relief. There being no written declaration of trust, the plaintiff's deed, in the absence of fraud, would have conveyed an absolute title to the defendants, from which a court of equity could not relieve.   Gen. Stats., ch. 121, sec. 13.   But the defendants' fraud makes void the plaintiff's deed, and the deed being void, of course no title vested in the defendants. The deed should be decreed void, and, in order to remove the cloud on the title, the defendants should be decreed to reconvey to the plaintiff. Parol evidence is inadmissible to show a trust, but is always admissible to show fraud ; and it was introduced in this case to show fraud and not a trust.

The plaintiff is entitled to the relief prayed for.

LADD, J., concurred.

*A reconvegance decreed.*